1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
9                    AT SEATTLE

10  ANDREW MICHAEL THOMAS,              CASE NO. C11-1418 MJP

11              Plaintiff,              ORDER GRANTING
                                        DEFENDANTS' MOTION TO
12      v.                              DISMISS

13  EVELYN THOMAS, et. al.,

14              Defendants.

15

16          This matter comes before the Court on Defendants' joint motion to dismiss (Dkt. No. 21).

17  Having reviewed the motion to dismiss, the joinders (Dkt. Nos. 24 and 25), the responses (Dkt.

18  Nos. 27, 28, 29, and 30), and the reply (Dkt. No. 32), the Court GRANTS Defendants' motion to

19  dismiss.  The motion for relief from initial disclosures deadlines (Dkt. No. 31) is therefore moot.

20                               **Background**

21          Vrlina Nozlic ("Nozlic") filed this Complaint on behalf of her brother Andrew Michael

22  Thomas ("Thomas") in August 2011.

23          As alleged, Thomas is a homeless individual who has been discriminated against by

24  Defendants.  Defendants are thirteen individuals and entities, including Department of Social and

Health Services ("DSHS") employees, King County mental health workers, Harborview social workers, King County public defenders, and several non-profit directors. Thomas is suing for Section 8 Housing, reinstatement of his disability status, restoration of his medical benefits, and $500,000 in emotional and financial damages.

Plaintiff's Complaint is signed by Nozlic in her capacity as "POA pro se / Rep Payee / ADA advocate." (Compl. at 8.) Nozlic is not an attorney and resides in Littleton, Colorado. (Dkt. No. 1 at 4.) A couple of weeks prior to filing this action, Nozlic also filed a separate complaint on behalf of Thomas. That complaint asserts various civil rights claims against the Seattle Center. See Thomas v. Seattle Center, C11-1315 RAJ, Dkt. No. 6. In December 2011, upon Plaintiff's motion to serve the summons, Judge Jones ordered Nozlic to either retain an attorney or Thomas to file a statement indicating he will represent himself in this matter. Thomas v. Seattle Center, C11-1315 RAJ, Dkt. No. 8. Nozlic filed a motion for reconsideration in January 2012; however, Judge Jones has not yet considered it. Thomas v. Seattle Center, C11-1315 RAJ, Dkt. No. 9.

## Discussion

While a non-attorney may appear pro se on their own behalf, a non-attorney litigant has no authority to represent another person other than themselves. Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997). A power of attorney does not authorize a non-attorney to file pro se legal documents on another's behalf. See State v. Hunt, 75 Wn. App. 795, 803-04 (1994)(finding that power of attorney statutes do not allow lay persons to practice law).

Here, Nozlic is not an attorney. While she may have represented Thomas as an "ADA Advocate" during administrative proceedings, Nozlic is not qualified to represent Thomas in a

court of law. The power of attorney form signed by Thomas does not waive this bar to Nozlic's representation. (Dkt. No. 1-5 at 2.)

The Court understands Nozlic's frustrations in obtaining representation for her brother. However, the bar to non-attorneys representing another is well-founded. In order to ensure a plaintiff's rights are fully and properly adjudicated, the Court requires the plaintiff bring the claims himself or that a plaintiff obtain a lawyer who has been specially trained to represent the interests of others. Otherwise, the Court cannot be sure Thomas's rights would be effectively represented by Nozlic.

## Conclusion

The Court GRANTS Defendants' motion to dismiss Thomas's claims without prejudice because Nozlic lacks the legal capacity to represent Thomas. The Court ORDERS Nozlic to either file a statement indicating she has retained an attorney to represent Thomas or Thomas must file a statement indicating that he will represent himself in this matter. Either Nozlic or Thomas's statement must be filed by March 29, 2012; otherwise, this action will be closed.

The motion for relief from initial disclosures deadlines (Dkt. No. 31) is therefore moot.

The clerk is ordered to provide copies of this order to all counsel.

Dated this <u>27th</u> day of February, 2012.

Marsha J. Pechman
United States District Judge